UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

UNITED STATES OF AMERICA,
   Plaintiff,

v.          JUDGE EDMUND A. SARGUS, JR.
           Case No. 2:22-CR-117(14)

CORDELL A. WASHINGTON, et al.,
   Defendants.

## OPINION AND ORDER

This matter is before the Court on the Motion to Sever filed by Brian K. Long, II (ECF No. 317) and the Government's Memorandum in Opposition to Defendant's Motion (ECF No. 323).  For the reasons set forth below, and those put on-the-record at the conference held on December 7, 2022, the Court **DENIES** Defendant's Motion.

### I.

On October 5, 2022, the federal grand jury returned a superseding 41 count indictment charging 23 defendants with a variety of violations of federal law.  (ECF No. 148.)  All defendants, other than Priscilla Washington, are charged in Count 1 with a drug conspiracy extending nearly 15 years, from 2008 to present.  To date, the government has produced discovery on two dates with all information being loaded onto external hard drives.  These hard drives contain thousands of files, thousands of pages of documents, thousands of hours of pole camera footage and thousands of hours of phone calls captured pursuant to Title III wiretaps.

All counsel, including counsel for Mr. Long, asked the Court to set a trial date outside of the Speedy Trial Act's 70-day rule because the ends of justice served by taking such action outweighs the best interest of the public and the defendant in a speedy trial. 18 U.S.C. §3161(h)(7)(A).  All defendants moved for a reasonable extension of the trial date scheduled for

January 2023, citing the number of defendants, witnesses, victims, and the voluminous amounts of evidence in the form of intercepted wire and electronic communications, pole camera footage, and cellular phone extractions of over 50 phones. This Court agreed and designated this case as complex. (ECF No. 333.)

## II.

Rules 8(b) and 14(a) of the Federal Rules of Criminal Procedure govern the joinder and severance of defendants for trial. The Sixth Circuit recently stated:

> Defendants may be indicted together where they collectively participate in the same offense. Fed. R. Crim. P. 8(b). While a court may order separate trials if "consolidation for trial appears to prejudice a defendant," Fed. R. Crim. P. 14(a), severance is not the norm. "Joint trials are favored[.]" *United States v. Tocco*, 200 F.3d 401, 413 (6th Cir. 2000). It's not just more efficient to have one trial and one set of evidentiary admissions for all defendants at once, *United States v. Warner*, 971 F.2d 1189, 1196 (6th Cir. 1992), but a joint trial also decreases the risk of inconsistent verdicts, *Richardson v. Marsh*, 481 U.S. 200, 210 (1987). Severance is appropriate, then, "only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants[.]" *Zafiro v. United States*, 506 U.S. 534, 539 (1993).

*U.S. v. Tisdale*, 980 F.3d 1089, 1094 (6th Cir. 2020) (parallel citations omitted). In other words, severance is necessary "only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants or prevent the jury from making a reliable judgment about guilt or innocence." *Zafiro*, 506 U.S. at 539.

The Sixth Circuit and the Supreme Court have explained that there is a "strong policy presumption" in favor of joint trials, *United States v. Caver*, 470 F.3d 220, 238 (6th Cir. 2006), stating "joint trials conserve [government] funds, diminish inconvenience to witnesses and public authorities, and avoid delays in bringing those accused of crime to trial." *United States v. Lane*, 474 U.S. 438, 449 (1986) (quotation omitted). For all of these reasons, "[t]here is a preference in the federal system for joint trials." *Zafiro*, 506 U.S. at 537.

Courts have refused to grant severance on the grounds that: (i) "a defendant might have a better chance for acquittal if tried separately"; (ii) "the co-defendants had different levels of culpability than the defendant seeking severance"; or (iii) "evidence may be admissible against one defendant but not against others." 1A Charles Alan Wright et al., *Federal Practice and Procedure*, § 223 (4th ed. 2015) (collecting cases); *see also United States v. Gardiner*, 463 F.3d 445, 473 (6th Cir. 2006); *United States v. Lloyd*, 10 F.3d 1197, 1215 (6th Cir. 1993). "The risk of prejudice will vary with the facts in each case," and "less drastic measures, such as limiting instructions, often will suffice to cure any risk of prejudice." *Zafiro*, 506 U.S. at 539. Motions for severance under Rule 14 thus fall under the "sound discretion" of the district court. *Id.* at 541.

### III.

In his Motion to Sever, Mr. Long asks for his case to be severed from the other 22 defendants because if it is not (A) the Court will violate his right to a speedy trial under the Speedy Trial Act of 1974, 18 U.S.C., §3161, *et seq.* and/or (B) he will suffer prejudice.

**A.** **Speedy Trial Act**

"The Speedy Trial Act of 1974 provides, *inter alia,* that in 'any case in which a plea of not guilty is entered, the trial . . . shall commence within seventy days' after the arraignment, 18 U.S.C. §3161(c)(1), but lists a number of exclusions from the 70–day period . . . ." *U.S. v. Tinklenberg*, 563 U.S. 647, syllabus (2011). A court may set a trial date outside the Speedy Trial Act's 70-day rule "if the judge grant[s] such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. §3161(h)(7)(A).

Since moving for severance, Mr. Long asked that his trial outside of the Speedy Trial Act's 70-day rule because the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial. 18 U.S.C. §3161(h)(7)(A). Mr. Long's counsel stated that

3

he "believes that telephone conversations and pole camera video constitute the bulk of the data [and] [a]s a result, [he] will need additional time to review all the discovery and, in particular, determine which conversations and video pertain specifically to Long." (Long's Mot. for Extension of Trial Date at 3, ECF No. 316.) This Court granted that request offered three dates for the trial. (ECF No. 333.) Consequently, this argument provides no basis to sever Mr. Long's case.

**B.    Prejudice**

Mr. Long argues that his case should be severed because "there will be little 'double the work' for the Court." (Mot. to Sever at 5, ECF No. 317.) Specifically, he contends:

> While the existence of the alleged conspiracy and DTO [Drug Trafficking Organization] would involve some repeat evidence, the evidence in Long's trial would be limited only to the admissible evidence against Long. This would likely eliminate lots of testimony and evidence with little or no relevance to Long. Thus, Long's trial will actually be shorter.

*Id*.

The Court finds no evidence that "there is a serious risk that a joint trial would compromise a specific trial right of [Mr. Long] or prevent the jury from making a reliable judgment about guilt or innocence." *Zafiro*, 506 U.S. at 539. Indeed, implementing the strong policy presumption in favor of joint trials is appropriate here given the nature of the conspiracy allegations.

**IV.**

For the reasons set forth above, the Court **DENIES** the Motion to Sever filed by Brian K. Long, II. (ECF No. 317.)

   **IT IS SO ORDERED.**

**1/10/2023**                                                             **s/Edmund A. Sargus, Jr.**
**DATE**                                                                  **EDMUND A. SARGUS, JR.**
                                                                          **UNITED STATES DISTRICT JUDGE**